UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD L. HILTON JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-19-CA-755-JKP (HJB) |
| | § | |
| NICOLE PRAUSE and LIBEROS, LLC, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court is Defendants' Motion to Dismiss Defamation *Per Se* Pursuant to the Texas Anti-SLAPP Law. (Docket Entry 6.) Defendants' motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b) and Local Rule CV-72. (Docket Entry 32.) In light of a recent decision by the Fifth Circuit, I recommend that Defendants' Motion to Dismiss (Docket Entry 6) be **DENIED**.

**I.   Jurisdiction.**

Plaintiff's Complaint alleges claims for defamation *per se* and requests a preliminary and permanent injunction against Defendants. (Docket Entry 1-1, at 14.) This Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The undersigned exercises authority in this case pursuant to 28 U.S.C. § 636(b).

**II.   Discussion.**

This case involves an allegation of defamation *per se*. Plaintiff Donald L. Hilton, M.D., publishes academic papers and lectures regularly on the adverse effects of exposure to pornography to public health, specifically regarding its potential to cause addiction. (Docket Entry

1-1, at 3.) Defendant Nicole Prause, Ph.D., by contrast, has published papers concluding that the use of pornography has individual and societal health benefits and is unlikely to cause addiction. (Docket Entry 1-1, at 4; Docket Entry 6, at 1.)[1] The two have frequently criticized one another's methodology and conclusions in their respective works. (Docket Entry 1-1, at 4; Docket Entry 6, at 1–2.)

In April 2019, Prause sent several emails to the University of Texas Health Science Center at San Antonio ("UTSA"), where Hilton serves as an adjunct associate professor, accusing Hilton of sexual harassment. (Docket Entry 1-1, at 6, 7.) In the first email, dated April 16, 2019, Prause accused Hilton of "openly sexually harassing" her and making public statements that she appeared in pornographic films and attended the Adult Video Network awards. (Docket Entry 1-1, at 9.) She also sent several follow-up emails asking for confirmation that the accusation was being investigated by UTSA and claiming that Hilton had stated his views represented those of UTSA.[2] (Docket Entry 1-1, at 9.) After being notified of the accusation, Hilton brought the present action against Prause in state court, denying her allegations and accusing her of defamation *per se*, claiming she made the accusations knowing them to be false and with the intent to harm his professional reputation. (Docket Entry 1-1, at 14.) He also claims Prause has levied similar allegations against at least nine other doctors who hold likeminded views regarding the possible negative effects of the use of pornography. (Docket Entry 1-1, at 10–12.)

Prause removed this case to federal court on diversity grounds under 28 U.S.C. § 1332(a), claiming that Defendants are California citizens and that the amount in controversy exceeded the

---

[1] Prause is the founder and managing agent of Defendant Liberos LLC. (Docket Entry 1-1, at 2.)

[2] According to Prause, UTSA declined to initiate an official investigation. (Docket Entry 6, at 10.)

2

statutory minimum. (Docket Entry 6, at 11.) She then filed the present motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"), which is Texas's version of so-called anti-SLAPP[3] laws. Prause's motion also contends the suit is subject to dismissal under California's anti-SLAPP act. (Docket Entry 6 at 19.)

While her motion to dismiss was pending, the Fifth Circuit issued an opinion holding that the TCPA is inapplicable in diversity cases in federal court. *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019). That holding has since been affirmed several times. *See, e.g., Van Dyke v. Retzlaff*, 781 Fed. App'x. 368, 368–69 (5th Cir. 2019) (confirming *Klocke*'s holding that the TCPA is inapplicable in diversity cases in federal court); *Star Sys. Int'l Ltd. v. Neology, Inc.*, 780 Fed. App'x. 172, 172 (5th Cir. 2019) (same).

In *Klocke*, a student at the University of Texas at Arlington committed suicide after the University refused to let him graduate based on another student's allegation of homophobic harassment. *Id.*, at 242. The student's father sued accusing the other student of defamation; the other student moved to dismiss the defamation claim pursuant to the TCPA. *Id.*, at 243. The father responded to the motion by arguing that the TCPA was inapplicable in federal court. *Id.* The district court found the TCPA applicable, granted the student's motion to dismiss, and awarded attorneys fees and costs under the statute. *Id.*

The Fifth Circuit reversed. *Klocke*, 936 F.3d at 242. The Court engaged in an *Erie*[4] analysis to determine whether the TCPA was substantive state law which would have to be applied

---

[3] The acronym SLAPP denotes "Strategic Litigation Against Public Participation." *NCDR L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, n.3 (5th Cir. 2014). The TCPA's stated purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002 (West 2019).

[4] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

in federal court or a state procedural law which would yield to the applicable Federal Rules. 936 F.3d at 244 (*citing Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Under the *Erie* framework, "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if [] a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule . . . ." 936 F.3d at 244 (*quoting Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015)). *Klocke* also clarified that the test for a conflict between state and federal procedural rules "is not whether it is logically possible for a court to comply with the requirements of both, but whether the Federal Rules in question are 'sufficiently broad to control the issue before the court.'" 936 F.3d at 247 (*quoting Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1355 (11th Cir. 2018)). Because the Rules were sufficiently broad to control the issues and answered the same questions as the TCPA, the Court concluded that "the TCPA does not apply to diversity cases in federal court . . . ." *Id.*, at 242. In concluding that the TCPA was procedural, the Court held that the TCPA's burden-shifting framework and heightened evidentiary standards for pretrial dismissal "collide" with Federal Rules of Civil Procedure 12 and 56 because the TCPA "imposes additional requirements beyond those found in Rule 12 and 56 and answers the same questions as those rules . . . ." *Id.*, at 245

In her supplemental brief, Prause acknowledges that *Klocke* held the TCPA was inapplicable in federal court and that her contentions in her motion to dismiss regarding that statute therefore fail. (*See* Docket Entry 25, at 1.) She argues, however, that *Klocke* left open the possibility that other anti-SLAPP statues would apply in federal court provided they did not conflict with federal procedural rules. *Id.*, at 1–2. Specifically, she points out the *Klocke* Court refused to overrule a prior Fifth Circuit decision applying a Louisiana anti-SLAPP statute, and she argues that the California anti-SLAPP statute should likewise apply in this case, as it is

4

"functionally identical" to the Louisiana statute from that case. *Id.* Prause's supplemental brief, however, omits any reference to *Klocke*'s discussion of the very California anit-SLAPP statute she contends is applicable. Quoting a Ninth Circuit opinion, *Klocke* stated that the California anti-SLAPP statute:

> creates no substantive rights; it merely provides a procedural mechanism for vindicating existing rights. The language of the statute deals only with the conduct of the lawsuit; it creates no rights independent of existing litigation; and its only purpose is the swift termination of certain lawsuits the legislators believed to be unduly burdensome.

*Klocke*, 936 F.3d at 247 (*quoting Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 273 (9th Cir. 2013) (Kozinski, C.J., concurring)). The TCPA was inapplicable in federal court, *Klocke* concluded, because that "summary of the operation of [the] California anti-SLAPP statute pertains equally to the TCPA . . . ." *Id.* Given the *Klocke* Court's conclusion that California's anti-SLAPP law has the same defects that rendered the TCPA inapplicable in diversity cases, Prause's contentions regarding the California statute are meritless. Because Prause's motion to dismiss is based entirely on the TCPA and the California statute, that motion should be denied.

### III. Conclusion.

Based on the foregoing, I recommend that Defendant's Motion to Dismiss Defamation Per Se Pursuant to the Texas Anti-SLAPP Law (Docket Entry 6) be **DENIED**.

### IV. Instructions for Service and Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

5

modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on November 26, 2019.

_____
Henry J. Bemporad
United States Magistrate Judge